496

David M. EDWARDS, Plaintiff–
Appellant,

v.

CUE TIME, INC.; Chris Kitchens; City
of Bowling Green; Amy Purdy; Me-
linda K. Spears; Thomas James; Joe
Snooks; Unknown Defendants, Offi-
cers of Bowling Green Police Depart-
ment, Commonwealth of Kentucky
and United States of America, Defen-
dants–Appellees.

No. 00–6553.

United States Court of Appeals,
Sixth Circuit.

May 1, 2001.

Before BOGGS and CLAY, Circuit

Judges; ROBERTS, District Judge.*

### ORDER

David M. Edwards, a Kentucky resident, appeals pro se the summary judgment for defendants in his civil rights action, filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Edwards filed a complaint alleging that two bartenders at a pool hall, a patron, and unknown law enforcement officers of the local, state, or federal government had drugged and interrogated him in July 1996 in violation of his constitutional rights and state tort law. The district court eventually granted the defendants' motion for summary judgment, and this appeal followed.

Upon review, we conclude that the summary judgment for defendants must be affirmed. The record shows that there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

▮▮▮▮ In order to state a claim under § 1983, Edwards was required to show that he was deprived of a constitutional right by a person acting under color of state law, without due process. *See O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir.1994). Despite being allowed extensive discovery, Edwards was unable to establish any state action in this case. He did not identify any law enforcement officer at the local, state, or federal level who was involved in the alleged incident. He did not produce any witnesses to

corroborate his allegation that the bartenders ordered everyone else out of the pool hall for a state police investigation on the night in question, nor did he produce any of the witnesses who allegedly told him that law enforcement personnel were working out of the pool hall. Because Edwards failed to establish this essential element of his case, on which he bore the burden of proof, defendants were entitled to summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

▮▮▮▮ Additionally, summary judgment was proper on the state law claims. In the absence of any direct evidence supporting the complaint, the district court was justified in determining that the claims presented therein were implausible. *See Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1480 (6th Cir.1989). The only evidence Edwards presented in support of his claim was a blood test showing a trace of thiopental in his system ten days after the alleged incident. However, the evidence presented also showed that it was unlikely that the drug would have still been present in his blood if it had been administered on the occasion he claimed. Therefore, in light of the absence of any evidence corroborating the claims in the complaint, the district court was justified in concluding that it was implausible that the two bartenders were actually working for a law enforcement agency and trained to administer narcotics to aid an apparently baseless interrogation of Edwards.

Finally, Edwards appears to argue in his brief that his prosecution for false reporting, which followed the filing of this complaint and culminated in his favor, was malicious. He did not amend his com-

---

* The Honorable Victoria A. Roberts, United States District Judge for the Eastern District of Michigan, sitting by designation.

plaint below to raise such a claim, and it therefore need not be addressed on appeal.

Accordingly, the summary judgment for defendants is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.